# IN THE UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

| | |
|---|---|
| Address of Plaintiff: | Morris H. Gresh and Jean L. Gresh, husband and wife<br>726 8th Avenue<br>Bethlehem, PA 18018 |
| Address of Defendant: | See attached List |
| Place of Accident, incident or Transaction: | Various |
| | *(Use Reverse Side for Additional Space)* |

Does this case involve multidistrict litigation possibilities?     Yes ■     No ☐

*RELATED CASE IF ANY*

Case Number:   01-CV-5981          Judge _____     Date Terminated:   N/A

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐     No ■

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ■     No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐     No ■

**CIVIL: (Place an ☒ in *ONE CATEGORY ONLY*)**

| | | A. *Federal Question Cases.* | | | B. *Diversity Jurisdiction Cases.* |
|---|---|---|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. | ☐ | Airplane Personal Injury |
| 3. | ☐ | Jones Act – Personal Injury | 3. | ☐ | Assault, Defamation |
| 4. | ☐ | Antitrust | 4. | ☐ | Marine Personal Injury |
| 5. | ☐ | Patent | 5. | ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management | 6. | ☐ | Other Personal Injury (Please specify) |
| 7. | ☐ | Civil Rights | 7. | ☐ | Products Liability |
| 8. | ☐ | Habeas Corpus | 8. | ☐ | Products Liability — Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. | ☐ | All other Diversity Cases |
| 10. | ☐ | Social Security Review Cases | | | (Please specify) |
| 11. | ■ | All other Federal Question Cases<br>(please specify)-Related to Chapter 11 Filing | | | |

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, _____ , counsel of record do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

☐   Relief other than monetary damages is sought.

DATE: _____

_____          _____
*Attorney-at-Law*                                                    *Attorney I.D.#*

**NOTE:**   A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____

_____          _____
*Attorney-at-Law*                                                    *Attorney I.D.#*

CIV 609 (9/99)

## Defendants (Names and Addresses):

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI  48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI  48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI  48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

> Fel-Pro, Inc.,
>
> Ferodo America, Inc.,
>
> Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,
>
> Moog Automotive Inc., formerly known as Wagner Electric Corporation,
>
> Pneumo Abex Corp., or
>
> T&N plc.
>
> 2655 Northwestern Highway
> Southfield, MI  48034

JS44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Morris H. Gresh and Jean L. Gresh, husband and wife

**DEFENDANTS**
SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alan S. Battisti, Esquire
Law Offices of Peter G. Angelos, P.C.
60 W. Broad Street - Suite 200
Bethlehem, PA 18018
(610) 866-3333

ATTORNEYS (IF KNOWN)
Lavin, Coleman, O'Neil, Ricci, Finarelli & Gray
Penn Mutual Tower
510 Walnut Street - Suite 1000
Philadelphia, PA 19106
(215) 627-0303

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for personal injury for asbestos exposure against Federal-Mogul Global, Inc., or companies it purchased and removing defendants, removed pursuant to 28 U.S.C. § 1452(a)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multi-district Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
Not Specified

Check YES only if demanded in complaint
**JURY DEMAND** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER   01-CV-5981

DATE
June 28, 2002

SIGNATURE OF ATTORNEY OF RECORD
Edward T. Finch, Esquire

RECEIPT# _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**Defendants (Names and Addresses):**

DaimlerChrysler Corporation
1000 Chrysler Driver
Auburn Hills, MI 48326-2766

Ford Motor Company
Parklane Towers West
Suite 1500
Three Parklane Boulevard
Dearborn, MI 48126-2568

General Motors Corporation
400 Renaissance Center
P.O. Box 400
Detroit, MI 48265-4000

Federal-Mogul Global, Inc., individually and/or as parent company, successor in interest, or indemnitor to or of:

      Fel-Pro, Inc.,

      Ferodo America, Inc.,

      Gasket Holdings, Inc., formerly known as Flexitallic Gasket Company,

      Moog Automotive Inc., formerly known as Wagner Electric Corporation,

      Pneumo Abex Corp., or

      T&N plc.

2655 Northwestern Highway
Southfield, MI 48034

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

MORRIS H. GRESH and JEAN L. GRESH, husband and
wife                                                    CASE NO.

     V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See §1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2441 through §2255.      ( )

(b) Social Security Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 8.      ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from exposure to asbestos.      ( X )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

June 28, 2002
_____
(Date)

                                               Attorney-at-law

               Edward T. Finch, Esquire
               Attorney For

               DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MORRIS H. GRESH and JEAN L. GRESH, husband
and wife

CASE NO.

V.

DAIMLERCHRYSLER CORPORATION
FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
FEDERAL-MOGUL GLOBAL, INC.

---

## NOTICE OF REMOVAL

Defendants DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Eastern District of Pennsylvania of the claims which have been asserted against them in the action captioned Morris H. Gresh and Jean L. Gresh, husband and wife v. AC&S, Inc., et al. now pending in the Court of Common Pleas of Northampton County, at No. C0048AB2002000364. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.      The action of which the removed claims are a part was commenced in the Court of Common Pleas of Northampton County.

2.      The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile

manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.      On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.      The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334. All claims asserted against the Removing Defendants are related to the Federal-Mogul Bankruptcy Case, and the continued prosecution, outcome at trial or other resolution of the claims will have an effect on the administration of the Federal-Mogul Bankruptcy Case.

5.      Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(3) in that the Federal-Mogul Bankruptcy Case was pending when the removed claims were asserted on or after October 1, 2001 and in that this notice has been filed within 30 days of receipt by one or all of the automobile manufacturers of a copy of the initial pleading setting forth the removed claims.

6.      Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.    The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.    On November 20, 2001, the automobile manufacturers filed in the Federal-Mogul Bankruptcy Case a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.    On December 10, 2001 the Honorable Alfred M. Wolin issued the attached Order provisionally transferring pursuant to 28 U.S.C. § 157(b)(5) the claims asserted against the automobile manufacturers to the United States District Court for the District of Delaware.

10.    On January 3, 2002, Judge Wolin issued a letter opinion and order reiterating that all asbestos friction claims against the automobile manufacturers pending in federal courts as of December 10 had been transferred, and ordering any claims removed after December 10 transferred as well. A copy of the Order and Opinion are attached to this Notice.

11.    On February 8, 2002, the Honorable Alfred M. Wolin denied the "Motions to Transfer the 'Friction Claims'" and simultaneously remanded the friction products claims. Attached hereto is a copy of said Order.

3

12.    However, on February 11, 2002, the United States Court of Appeals for the Third Circuit granted a Temporary Stay of Judge Wolin's February 8, 2002 Court Order so that the matter could be considered by a three-judge panel of that court. Attached hereto is a copy of said Order.

13.    The Removing Defendants file this Notice of Removal to adequately protect the interests of Removing Defendants and to facilitate transfer of these claims to the United States District Court for the District of Delaware pursuant to Judge Wolin's provisional transfer order.

14.    The automobile manufacturers will comply with 28 U.S.C. § 1446(d) by promptly giving notice of the filing of this Notice of Removal to all adverse parties to the action pending in the state court and filing a copy of this Notice of Removal with the prothonotary of the Court of Common Pleas of Northampton County.

Respectfully submitted,

LAVIN, COLEMAN, O'NEIL, RICCI,
FINARELLI & GRAY

BY
Edward T. Finch, Esquire
Attorney for Defendants,
DaimlerChrysler Corporation,
Ford Motor Company and
General Motors Corporation

4

## CERTIFICATE OF SERVICE

I, Edward T. Finch, Esquire, hereby certify that pursuant to 28 U.S.C. § 1446(d) written notice of the removal of this action will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Court of Common Pleas.

Edward T. Finch, Esquire

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION - ASBESTOS
ASBESTOS LITIGATION - FILING COVER SHEET

A. Document being filed:

   1-    <u>Complaint in Civil Action - Asbestos</u>

B. Docketing of Document:

   1-    Please designate appropriate Master File for *docketing* of document:

         _____ Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

         _____ Asbestos: Trades Master File, No. C00048AB200000003

         __X__ Asbestos: General Master File, No. C0048AB200000004

   2-    Please designate appropriate individual claimant's file. If any, for *docketing* of document-type in caption and term number.

   <u>Morris H. Gresh and Jean L. Gresh, husband and wife v. ACandS, Inc., et al.</u>

   No. C0048AB2002000 ⎯3 6⋅4

C. Filing of Document:

   1-    Please designate appropriate Master File for *filing* of document-type in caption and term number.

         _____ Asbestos: Bethlehem Steel Master File, No. C0048AB200000002

         _____ Asbestos: Trades Master File, No. C00048AB200000003

         __X__ Asbestos: General Master File, No. C0048AB200000004

   2-    Please designate appropriate individual claimant's file. If any, for *docketing* of document-type in caption and term number.

   <u>Morris H. Gresh and Jean L. Gresh, husband and wife v. ACandS, Inc., et al.</u>

   No. C0048AB2002000 ⎯ 3 6 4

D. Related Cases

   If document pertains to ten or more asbestos cases but less than all cases, please attach a list of all related cases listing the captions and docket numbers to which the original document pertains.

|                     |                                       |
|---------------------|---------------------------------------|
| By:                 | <u>Alan S. Battisti, Esquire</u>      |
| Attorney For:       | <u>Plaintiffs</u>                     |
| Address:            | <u>60 West Broad Street, Suite 200</u> |
| ⸱ʸ                  | <u>Bethlehem, PA 18018</u>            |
| Telephone:          | <u>(610) 866-3333</u>                 |
| Supreme Court I.D.: | <u>#59053</u>                         |

I hereby certify this is a true and correct copy of the original.

# LAW OFFICES OF PETER G. ANGELOS, P.C.

60 W. Broad Street
Suite 200
Bethlehem, PA 18018
(610) 866-3333

### IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY - PENNSYLVANIA
### CIVIL DIVISION - ASBESTOS

| | | |
|---|---|---|
| Morris H. Gresh and Jean L. Gresh, husband and wife, | * | No. C0048AB2002000 $364$ |
| | * | |
| Plaintiffs, | * | CIVIL ACTION - ASBESTOS |
| | * | |
| vs. | * | JURY TRIAL DEMANDED |
| | * | |
| ACandS, Inc., et al | * | |
| | * | |
| Defendants. | * | |

### NOTICE

     YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or of for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

     **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

NORTHAMPTON COUNTY BAR ASSOCIATION
ATTORNEY REFERRAL AND INFORMATION SERVICE
155 South Ninth Street
Easton, PA 18042-4399
Telephone: (610) 258-6333

## IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY - PENNSYLVANIA
## CIVIL DIVISION - ASBESTOS

Morris H. Gresh and Jean L. Gresh       *       No. C0048AB2002000
husband and wife,       *
726 8th Avenue       *
Bethlehem, Pa. 18018       *
      *
           Plaintiffs,       *
      *
      *
           vs.       *
      *
      *
ACandS, Inc.       *
120 N. Lime Street       *
Lancaster, Pennsylvania 17602       *
      *
           and       *
      *
Allied Signal, Inc.       *
c/o CT Corporation Systems       *
1515 Market Street, Suite 1210       *
Philadelphia, PA 19102       *
      *
           and       *
      *
Amchem Products, Inc.       *
c/oC.T. Corporation System       *
1515 Market Street, Suite 1210       *
Philadelphia, PA 19102       *
      *
           and       *
      *
BF Goodrich Company       *
c/o CT Corporation Systems       *
1515 Market Street, Suite 1210       *
Philadelphia, PA 19102       *
      *
           and       *
      *

Viacom, Inc., Successor by merger to                    *
CBS Corporation                                         *
f/k/a Westinghouse Electric Corp.                       *
c/o Asbestos Litigation Support Manager                 *
Eckert, Seamans, Cherin & Mellott, LLC                  *
Case Management and Technology Center                   *
Gulf Tower, 5th Floor                                   *
707 Grant Street                                        *
Pittsburgh, PA 15222                                    *
                                                        *
        and                                             *
                                                        *
Clayton Dubilier & Rice                                 *
c/o The Corporation Trust Company                       *
1209 Orange Street                                      *
Wilmington, DE 19801                                    *
                                                        *
        and                                             *
                                                        *
Cooper Industries                                       *
c/o C.T. Corporation System                             *
1515 Market Street, Suite 1210                          *
Philadelphia, PA 19102                                  *
                                                        *
        and                                             *
                                                        *
Crown, Cork & Seal Company, Inc.                        *
1 Crown Way                                             *
Philadelphia, PA 19104                                  *
                                                        *
        and                                             *
                                                        *
Daimler Chrysler Corporation                            *
c/o CT Corporation Systems, Inc.                        *
1515 Market Street, Suite 1210                          *
Philadelphia, PA 19102                                  *
                                                        *
        and                                             *
                                                        *
Ferro Engineering                                       *
A Division of Oglebay Norton Co.                        *
1100 Superior Avenue                                    *
Cleveland, Ohio 44114                                   *
                                                        *
        and                                             *

The Flintkote Company                    *
Three Embarcadero Center; Suite 1190     *
San Francisco, CA 94111-4047             *
                                         *
        and                              *
                                         *
Ford Motor Company                       *
c/o CT Corporation Systems               *
1515 Market Street, Suite 1210           *
Philadelphia, PA 19102                   *
                                         *
        and                              *
                                         *
Foseco, Inc.                             *
c/o C.T. Corporation System              *
1515 Market Street, Suite 1210           *
Philadelphia, PA 19102                   *
                                         *
        and                              *
                                         *
Foster-Wheeler Corporation               *
Perryville Corporate Park                *
Clinton, N.J. 08809-4000                 *
                                         *
        and                              *
                                         *
General Electric Company                 *
c/o C.T. Corporation System              *
1515 Market Street, Suite 1210           *
Philadelphia, Pa. 19102                  *
                                         *
        and                              *
                                         *
General Motors Corporation               *
c/o C.T. Corporation Systems             *
1515 Market Street, Suite 1210           *
Philadelphia, PA 19102                   *
                                         *
        and                              *
                                         *
General Refractories Company             *
225 City Line Ave.                       *
Suite 114                                *
Bala Cynwyd, PA 19904                    *

and

The Goodyear Tire & Rubber Company
c/o C.T. Corporation System
1515 Market Street, Suite 1210
Philadelphia, PA 19102

          and

Halliburton Technical Services, Inc.
c/o CT Corporation System
1515 Market Street, Suite 1210
Philadelphia, Pa. 19102

          and

Hercules Chemical Corporation
c/o Leonard A. Ruvolo
111 South Street
Passaic, NJ 07055

          and

John Crane, Inc.
f/k/a Crane Packing Company
6400 Oakton Street
Morton Grove, IL 60053

          and

Lac d'Amiante du Quebec, Ltee
a/k/a Lake Asbestos of Quebec, Ltd.
a/k/a LAB Chrysolite, Ltd.
a/k/a ASARCO
156 W. 56th Street, #1902
New York, NY 10019

          and

Pfizer, Inc.
235 East 42nd Street
New York, NY 10017

          and

*

Pneumo Abex Corporation                          *
f/k/a Abex Corporation                            *
c/o Prentice Hall Corporation System, Inc.        *
319 Market Street                                 *
Harrisburg, PA 17101                              *
                                                  *
         and                                      *
                                                  *
Premier Refractories, Inc.                        *
f/k/a J.H. France Refractories Co.                *
c/o C.T. Corporation System                       *
1515 Market Street, Suite 1210                    *
Philadelphia, PA 19102                            *
                                                  *
         and                                      *
                                                  *
Quigley Co., Inc.                                 *
subsidiary of Pfizer, Inc.                        *
235 E. 42nd Street                           *
New York, NY 10017                                *
                                                  *
         and                                      *
                                                  *
Rapid American Corporation                        *
C/O Prentice Hall Corp System                     *
2704 Commerce Drive, Suite B                      *
Harrisburg, PA 17110                              *
                                                  *
         and                                      *
                                                  *
Rockbestos Co.                                    *
f/k/a The Rockbestos Wire &                       *
Cable Company                                     *
20 Bradley Park Road                              *
East Granby, CT 06062                             *
                                                  *
         and                                      *
                                                  *
Union Carbide Chemical & Plastics Co., Inc.       *
f/k/a Union Carbide Corporation                   *
c/o Joan Murphy, Paralegal                        *
Kelley, Drye & Warren                             *
101 Park Avenue, 32nd Floor                  *
NY, NY 10178-0002                                 *

```
                                                    *
        and                                         *
                                                    *
Uniroyal, Inc.                                      *
70 Great Hill Road                                  *
Naugatuck, Connecticut 06770                        *
                                                    *
        and                                         *
                                                    *
Universal Refractories, Inc.                        *
A Division of Thiem Corporation                     *
c/o Cabraja & Wright                                *
3400 Gulf Tower                                     *          . . .
707 Grant Street                                    *
Pittsburgh, Pa. 15219                               *
                        Defendants.                 *
```

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Morris H. Gresh and Jean L. Gresh, through their attorneys sue the Defendants captioned above and hereby adopt and incorporate all relevant portions of the Master Complaint and by reference the causes of action and paragraphs set forth in the Master Complaint as follows: General/Other Master File No. C0048AB200000004.

Plaintiff Morris H. Gresh

**INTRODUCTION** - Paragraphs 1-4 and 6-7;

1.  **COUNT ONE - STRICT LIABILITY** - Paragraphs 1, 3, 4, 5, 6, 7, 8, 9, 10 and 11;

2.  **COUNT TWO - BREACH OF WARRANTY** - Paragraphs 12, 13 and 14

3.  **COUNT THREE - NEGLIGENCE** - Paragraphs 15, 16, 17, 18 and 19;

4.  **COUNT FOUR - FRAUD** - Paragraphs 20, 21, 22, 23, 24 and 25;

5.    **COUNT FIVE - CONSPIRACY** - Paragraphs 26, 27, 28, 29 and 30;

Plaintiffs, Morris H. Gresh and Jean L. Gresh

**INTRODUCTION** - Paragraph 1-4 and 6-7;

6.    **COUNT SIX - LOSS OF CONSORTIUM** - Paragraphs 31, 32, 33 and 34;

**ADDITIONAL INFORMATION**
**SHORT FORM COMPLAINT**

The following information is provided pursuant to Master Procedural Order No. 1, entered by the Court on December 29, 1999;

7.    Plaintiff, Morris H. Gresh, Date of Birth 10/25/30, SS#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, and Jean L. Gresh are adults who reside at 726 8th Avenue, Bethlehem, Pennsylvania 18018.

8.    Plaintiff, Morris H. Gresh, has sustained an asbestos related injury and was diagnosed with pulmonary asbestosis on or about November 29, 2000.

9.    Plaintiff's time period of exposure to asbestos dust and fibers was from approximately 1948 to 1995. Plaintiff was employed as a carpenter during this period of time.

10.    Plaintiff was employed by (see attached Exhibit No. 1) and worked at the following location:    (See attached Exhibit No. 1)

11.    Plaintiffs claim no wage loss at this time.

## DEMAND FOR JURY TRIAL

Plaintiffs elect to have their case tried before a jury.

LAW OFFICES OF PETER G. ANGELOS, P.C.

By: _____

      George A. Weber, III
      I.D.#75162
      Alan S. Battisti
      I.D.#59053
      Attorneys for Plaintiffs

## EXHIBIT NO. 1

**YEAR**                **EMPLOYER**

1948-1955              Reliable Roofing, Pottstown, Pennsylvania

1955-1995              Self-Empoyed, Bethlehem, Pennsylvania

# VERIFICATION

I, Morris Gresh , hereby certify that I am a Plaintiff in the instant matter and the facts contained in this Complaint is true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of 18 Pa. C.S.A.§4904 relating to unsworn falsification to authorities.


DATE: _5/22/02_                    _Morris H. Gresh_
                                   Morris Gresh

# VERIFICATION

I, Jean Gresh , hereby certify that I am a Plaintiff in the

instant matter and the facts contained in this Complaint is true and

correct to the best of my knowledge, information and belief.  This

statement is made subject to the penalties of 18 Pa. C.S.A.§4904

relating to unsworn falsification to authorities.


DATE: 5/32/02                    _Jean Gresh_
                                  Jean Gresh

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
IN RE: FEDERAL-MOGUL      :   Chapter 11
GLOBAL, INC., T&N         :   Case Nos. 01-10578, et al.¹
LIMITED, et al.,          :
                          :
         Debtors.         :
-------------------------
```

### ORDER OF CLARIFICATION RE:
### PROVISIONAL TRANSFER OF FRICTION PRODUCTS CLAIMS

This matter having been opened upon the Court's own motion;
and the Court having withdrawn the reference with respect to
several motions to transfer and to provisionally transfer (the
"Transfer Motions") claims pending in the several United States
District Courts against defendant manufacturers of so-called
"friction products" (respectively the "Friction Products Claims"
and the "Friction Products Defendants") previously removed by the
Friction Products Defendants from the several state courts; and
for the reasons set forth in the letter opinion of the Court
filed herewith; and for good cause shown

It is this    day of January, 2002

ORDERED that this Order governs all Provisional Transfer
Orders whether already issued by the Court or that may be issued
in the future and those Orders shall not be construed in a manner
inconsistent with the terms of this Order, and it is further

ORDERED that the Provisional Transfer Orders are limited in

---

¹See attached list.

effect to only those claims against the Friction Products
Defendant(s) identified in the respective moving papers and
Provisional Transfer Orders and that no other claims and no other
parties are affected by the Provisional Transfer Orders, and it
is further

ORDERED that any Friction Product Claim that would have been
subject to a Provisional Transfer Order previously issued by this
Court but for the fact that such Friction Product Claim had not
yet been removed on the date the Provisional Transfer Order was
issued is hereby provisionally transferred to this Court subject
to further Order of this Court, and it is further

ORDERED that counsel identified in the Court's previous
Provisional Transfer Orders shall provide to claimants
provisionally transferred by this Order such notice and waivers
of further service as was specified in the relevant previous
Orders, and it is further

ORDERED that claimants provisionally transferred by this
Order shall not be subject to the briefing schedule with respect
to the Transfer Motion, and shall file no papers in opposition to
the Transfer Motion except as provided by further Order of this
Court.

                              _/s/_____
                              ALFRED M. WOLIN, U.S.D.J.


                                  2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
     Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

EXHIBIT "B"

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | **CHAPTER 11** |
| FEDERAL-MOGUL GLOBAL, INC., | : | |
| | : | **BANKRUPTCY NO. 01-10587** |
| Debtor. | : | **(jointly administered)** |

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.

EXHIBIT "C"

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:        Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

## ORDER

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

_____
Clerk

Dated: FEB 1 1 2002
DSC/cc: CL, EW, ET
        RM, AR, PK
        ME, VK, WW
        RP, JSG

EXHIBIT "D"

Page 1

Edward Finch - schedulingorder.pdf

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### Nos. 02-1426, 02-1491, 02-1492, 02-1588, 02-1652, 02-1664, 02-1688 and 02-1741

### IN RE: Federal-Mogul Global, Inc.

PRESENT:     Becker, Chief Judge

## ORDER

The following briefing schedule is hereby established in these consolidated appeals:

April 8, 2002: Appellants' joint opening brief on the merits of the district court's decision (14,000 words);

April 26, 2002: Appellees' joint response brief on the merits of the district court's decision and appellees' objections to appellate jurisdiction (21,000 words);

May 10, 2002: Appellants' joint reply brief on the merits of the district court's decision and response on appellate jurisdiction (21,000 words);

May 16, 2002: Appellees' joint reply brief on appellate jurisdiction (7,000 words).

It is expected that the various appellants and appellees will join in these joint briefs to the greatest extent practicable. However, an individual appellant or appellee may file a separate brief addressing discrete issues particular to that party, as long as those issues are not merely repetitive of the arguments advanced in the joint brief. Such separate briefs are due on the same date as the joint brief addressing the relevant issues. The foregoing word limitations are established for the joint briefs without prejudice to motions for extension of those limitations if necessary to respond to the separate submissions.

A brief will be considered timely filed if it is deposited with an express mail service on the due date for overnight delivery on the next business day. In addition, all briefs shall be served on all parties by e-mail by 5:00 p.m. Eastern time on the due date. A list of e-mail addresses is attached to this order.

Edward Finch - schedulingorder.pdf

Oral argument will be held on June 17, 2002.  The time will be fixed by the panel.  The allocation of oral argument time will be as follows:

Appellants' opening argument: 1 hour

Appellees' argument: 1 hour, 20 minutes

Appellants' rebuttal: 20 minutes

The parties will determine an appropriate allocation of argument time for various counsel within these aggregate allotted times.

The temporary stay entered by this Court on February 11, 2002, as clarified by the order of March 19, 2002, will remain in effect until further order of the merits panel.

By the Court,

_____
Chief Judge

Date: MAR 2 5 2002

Edward Finch - schedulingorder.pdf

ATTACHMENT: e-mail addresses for service

Appellants' counsel:

Ford Motor Company, General Motors Corporation, DaimlerChrysler Corporation:

David M. Bernick (david_bernick@chicago.kirkland.com)
Christopher Landau (clandau@dc.kirkland.com)
Eric B. Wolff (ewolff@dc.kirkland.com)

Honeywell:

Thomas F. Campion (thomas.campion@dbr.com)
Kenneth J. Wilbur (kenneth.wilbur@dbr.com)
Michael J. Reynolds (michael.reynolds@dbr.com)

International automakers:

David Wilks (wilksd@whitewms.com)
Chris Singewald (singewaldc@whitewms.com)

Official Unsecured Creditors Committee:

Robert B. Millner (RMillner@sonnenschein.com)

Hennessy Indus., Inc.:

Paul Day (paul.day@piperrudnick.com)
Henry A. Heiman (hheiman@hagblaw.com)

Holman Enterprises, B.F. Goodrich, Salvo Auto Parts:

Lee Baylin (leebaylin@baylinlaw.com)
Michael A. Stover (mstover@wtplaw.com)
Douglas F. Murray (dmurray@wtplaw.com)

Appellees' counsel:

Official Committee of Asbestos Claimants

Elihu Inselbuch (ei@capdale.com)
Trevor W. Swett III (tws@capdale.com)

Ad Hoc Committee of Asbestos Claimants

Alan Rich (arich@baronbudd.com)
Charles S. Siegel (siegel@awpk.com)
Robert T. Haefele (RHaefele@Wilentz.com)
Nancy Davis (ndavis@nmlrp.com)

### Kaeske-Reeves Claimants - Beaty, Salter, and Sturdevant

Kay Reeves (kreeves@kaeske-reeves.com)
J. Bradshaw (jbradshaw@kaeske-reeves.com)
Michael B. Pullano (mpullano@mccarter.com)

### Waters & Kraus plaintiffs/Unofficial Committee of Select Asbestos Claimants

Charles S. Siegel (siegel@awpk.com)

### Counsel for Federal-Mogul

Laura Davis Jones (ljones@pszyj.com)

TOTAL P.05